

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Camp Mabry
Austin, Texas

Opinion No. V-17

Re: Necessity for a non-
resident motor trans-
portation company to
purchase Texas Regis-
tration Plates for
vehicles operated in
intrastate and inter-
state commerce in
Texas.

Dear Sir:

Your request for opinion, dated January 6,
1947, presents the following questions:

"1. Would a trucking company, duly
incorporated in another State and main-
taining its principal office in such
foreign State, but maintaining offices,
warehouses, pick-up and delivery trucks
and services in Texas, be considered a
non-resident of this State, to the ex-
tent that they could not be required to
purchase Texas registration plates for
trucks engaged in <u>interstate</u> and <u>intra-
state</u> traffic within Texas?" (Emphasis
ours)

"2. Article 6675a-16, Revised Civil
Statutes of Texas, provides for agreement
with other States regarding exemptions
from registration fees. Would a trucking
company incorporated in a foreign State
but operating in Texas, as described above,
be entitled to receive the privilege of
not having to register their vehicles in
Texas because of an existing reciprocal
agreement between the State in which the

Company is incorporated and the State of Texas?"

Additional information verbally received from you subsequent to the date of the written request is to the effect that the motor transportation companies involved are incorporated under the laws of the State of Louisiana and have their principal offices in Louisiana, but actually maintain offices, warehouses, pick-up and delivery trucks, and services in Texas. Based on this information, our opinion will relate only to motor transportation companies incorporated under the laws of the State of Louisiana, and operating as described by you in the State of Texas.

The general rule is that the owner and operator of a motor vehicle is required to apply for the registration thereof each year. 5 Tex. Jur. § 6, p. 577. This general rule applies to both residents and non-residents of this State, because the police power of the State to regulate the use of motor vehicles on its highways extends to non-residents as well as residents, and a State may prohibit the use of its highways by a foreign vehicle unless and until it is properly licensed in accordance with its laws. See Annotation - Foreign Owned Vehicles Operating Within State, 138 A.L.R. 1499. Article 6675a, Section 2, V. A. C. S., requires "every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State" to apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each vehicle owned or controlled by him. Certain exceptions are made with reference to farm tractors, farm trailers, and implements of husbandry. Article 827b, V.A.P.C., provides for the registration of non-resident motor vehicles through the County Tax Collector, Miller v. Foard County, 59 S.W. (2d) 277 (Tex. Civ. App. 1933); and also provides for certificates of temporary registration of non-resident vehicles which are not operated for compensation or hire. It therefore follows that a non-resident motor transportation company must register vehicles which are operated in this State unless it falls within an exception granted by our statutes.

Section 16 of Article 6675a, Vernon's Annotated Civil Statutes, reads as follows:

"(a) In addition to and regardless of the provisions of this Act, or any other Act relating to the operation of motor vehicles over the public highways of this State by non-residents, the State Highway Department acting by and through the State Highway Engineer is hereby authorized to enter into agreements with duly authorized officials of other States exempting the residents of such other States using the public highways of this State from the payment of registration fees for such periods or extensions of time as may be granted residents of Texas using the public highways of such other State.

"(b) This section shall be cumulative of all other laws on this subject, but in the event of a conflict between the provisions of this section and any other Act on this subject, the provisions of this section shall prevail.

"(c) Any person owning or operating a vehicle not registered in this State, in violation of the terms of any agreement made under this section, or in the absence of any agreement, in violation of the applicable registration laws of this State, shall be guilty of a misdemeanor and upon conviction shall be fined any sum not exceeding Two Hundred ($200.00) Dollars."

The above quoted section establishes the manner by which a non-resident operator of motor vehicles may become exempt from registration in Texas. The exemption is accomplished through the making of a reciprocal agreement between the Texas State Highway Department and the duly authorized official of the other State involved. You will observe that the Legislature has not defined the term "non-resident" in the quoted section of the Article. This is also true of all other sections of Article 6675a, V. A. C. S. It seems obvious that the Legislature intended for the term "non-resident" to be defined in each reciprocal agreement, and this for the reason that it must have been contemplated by the

Legislature that the terms of the reciprocal agree-
ment would necessarily vary with each State to the
extent that its laws differed from ours in establish-
ing a standard by which a "non-resident" would be
determined.

The Texas State Highway Department, pursu-
ant to the authority granted by Section 16 of Article
6675a, supra, has entered into a reciprocal agree-
ment with the State of Louisiana.  The latest agree-
ment between the two States is dated June 15, 1941,
and reads in part as follows:

### Section V-Common or Contract Carriers:

"This agreement is not to be construed as
applying to common or contract carriers en-
gaged in interstate commerce . . . except
where permits have first been secured from
the Texas Railroad Commission and from the
Public Service Commission in Louisiana."

Under this section of the reciprocity
agreement, it is to be observed that the
agreement only applies to common and con-
tract carriers by motor vehicles engaged
in interstate commerce,and only then, when
lawful authority has been secured from the
two State regulatory bodies involved (The
Railroad Commission of Texas and The Public
Service Commission of Louisiana) to use the
highways of each State in interstate com-
merce.  The agreement does not apply to
vehicles of non-resident motor transporta-
tion companies used in intrastate commerce,
and we are advised by the Texas State High-
way Department that the agreement in ques-
tion was never intended to apply to any
vehicle of a non-resident used wholly, or
partially, in transporting intrastate
freight.  Such has been the interpretation
and application of the agreement by both
Texas and Louisiana.  Therefore, a motor
transportation company duly incorporated
under the laws of the State of Louisiana,
and engaged in interstate and intrastate
commerce in Texas and Louisiana, must
register vehicles used in transporting
intrastate freight in Texas in accordance

with Texas law. This is true because the reciprocal agreement between Texas and Louisiana does not create an exemption on non-resident vehicles used in transporting intrastate freight in the State of Texas.

Section VIII of the reciprocal agreement dated June 15, 1941, between Texas and Louisiana reads in part as follows:

"Any person, company, or corporation which has a place of abode or business in the State of Texas or in the State of Louisiana for more than thirty (30) consecutive days in the registration year, shall not be considered as a non-resident of such state. . ."

This particular section was very recently considered in Kilburn v. Herrin Transportation Co., 197 S. W. (2d) 149 (Tex. Civ. App. 1946). In that case, Herrin Transportation Company, a Texas Corporation, with its principal office in Texas, and engaged in doing both an intrastate and interstate business in Texas and Louisiana, sought an injunction against the Texas State Highway Department and its officials restraining them from in any way interfering with its vehicles registered under the laws of Louisiana and based and domiciled in Louisiana, but engaged in the transportation of interstate freight into and out of Texas. The court in determining whether or not Herrin was a non-resident of Texas so as to be entitled to thenon-registration exemption provided for in the reciprocal agreement used as a criterion the terms of the agreement itself. At page 152 of the reported decision the court said:

"It follows, therefore, as plainly stated in the agreement itself that appellee, a Texas corporation, having had 'a place of abode or business in the State of Texas. . . for more than thirty consecutive days in the registration year,' cannot be considered a non-resident of this State; and hence, not entitled to the claimed exemption."

We cannot see any distinction between the effect of the facts stated by you and the facts in

Hilburn v. Herrin Transportation Co., supra, except to determine under the reciprocity agreement with Louisiana whether the companies involved maintained offices, warehouses, delivery trucks, and services for more than thirty consecutive days in Texas during the registration year. If the Louisiana motor transportation companies have so operated in Texas, then it follows that they are not non-residents so as to be exempt from purchasing registration plates in Texas for motor vehicles used in transporting interstate freight.

As heretofore pointed out, such companies must pay the required statutory fee for registration on any vehicles used in this State in the transportation of intrastate freight, regardless of whether they maintain offices, warehouses, pick-up and delivery trucks, and services in this State for any period of time.

We call your attention to the fact that there is now in the process of being executed a new reciprocal agreement between Louisiana and Texas, but this new agreement will not relate to the registration year which began April 1, 1946, and will end March 31, 1947.

## SUMMARY

(1) The existing reciprocal agreement between Texas and Louisiana which is dated June 15, 1941, and entered into pursuant to Sec. 16 of Art. 6675a, Vernon's Annotated Civil Statutes, does not apply to vehicles of a non-resident company or corporation used in transporting intrastate freight in Texas.

(2) A motor transportation company, duly incorporated under the laws of the State of Louisiana and maintaining its principal office in such State, but maintaining offices, warehouses, pick-up and delivery trucks, and services in Texas for more than thirty consecutive days in any registration year cannot be considered a non-resident of the State of Texas

under the terms of the reciprocal agreement dated June 15, 1941, so as to be exempt from purchasing Texas registration plates for vehicles engaged in transporting interstate traffic in Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By:

Charles E. Crenshaw
Assistant

CEC:et

APPROVED

ATTORNEY GENERAL